IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02334-CMA-MEH

THOMAS STOCKS,

     Plaintiff,

v.

CASEY CROWFOOT, Police Officer for the
City of Aurora, Colorado, in his individual capacity,

     Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court is Defendant's Motion for Discovery Sanctions. ECF 85. The Motion is fully briefed, and the Court held an evidentiary hearing on August 25, 2021 ("Motion Hearing") (ECF 98). Also before the Court is Defendant's Motion for Attorneys' Fees and Costs. ECF 102. For the below reasons, the Motion for Discovery Sanctions (ECF 85) is granted in part and denied in part, and the Motion for Attorneys' Fees and Costs (ECF 102) is denied with leave to refile.

## BACKGROUND

     In his Amended Complaint, Plaintiff pleads that he was at the Aurora police department on September 13, 2016 to attend a meeting and to inquire about property taken from him by a police department custodian. ECF 38 at ¶¶ 2, 13. Defendant accused him of disturbing the peace. The encounter escalated, and according to Plaintiff, Defendant "suddenly stopped" him and "[w]ithout provocation and from out of nowhere," "senselessly" beat him rendering him "defenseless, even unconscious with ribs broken as a result of the assault." *Id*. Plaintiff furthers that Defendant

"punched [him] and pushed him hard to the wall which sent him crawling on the floor." *Id*. at ¶ 13. Plaintiff says that he "could not even breathe" because of Defendant's "overpowering grip . . . all over his body." *Id*.

Plaintiff alleges that the above assault was filmed and published on YouTube. "Several eyewitnesses [also] were present." *Id*. at ¶ 15.

As a result of the use of force, Plaintiff claims "severe physical injuries," permanent disfigurement, "persisting neurological damage . . . from this closed head injury," and substantial emotional and psychological harm. *Id*. at ¶¶ 14, 28-31.

Plaintiff claims actual and compensatory damages totaling $300,000. ECF 96. That includes lost business income and a flight rebooking fee. In addition, he seeks $250,000 in exemplary damages and $1,250,000 in punitive damages. *Id*.

Plaintiff sues Defendant in his individual capacity under 42 U.S.C. § 1983 for excessive force in violation of his Fourth Amendment rights as well as retaliation for exercising his First Amendment rights.

Beyond the filing of his Amended Complaint (ECF 38) and opposition to the Motion to Dismiss (ECF 46), Plaintiff generally has done little to prosecute his case. He did not cooperate with the preparation of the scheduling order, and he did not attend the scheduling conference. ECF 54, 55. Nor did he attend a later status conference. ECF 65, 66.

Plaintiff never attended an independent medical examination ("IME") despite alleging severe physical injury and despite the Court's direct orders to do so. ECF 61, 63. However, Defendant no longer asks for an IME after later obtained treatment records "demonstrated that Plaintiff had not actually suffered any of his claimed injuries." ECF 85 at 4, n.2.

Plaintiff did not produce medical records and delayed executing medical release forms to enable Defendant to obtain them on his behalf despite this Court's order to do so (ECF 63). The Court also ordered Plaintiff to supplement his written discovery responses, which Defendant says he refuses to do. ECF 85 at 11. Defendant complains that his written discovery requests have gone unanswered. Plaintiff has "failed to provide timely or compliant responses to [his] Interrogatories and Requests for Production" and has "wholly failed to respond to any of [his] Requests for Admission." ECF 102 at ¶¶ 19-21.

Beginning September 28, 2020 (ECF 65), counsel represented Plaintiff on a pro bono basis through the Court's Civil Pro Bono Program (ECF 80).  On March 8, 2021, District Judge Arguello granted the attorney's request to withdraw (ECF 82), whereupon Plaintiff returned to representing himself.

At the Motion Hearing, Plaintiff said that his pro bono attorney handled all of the discovery matters. The fact that the same discovery disputes remain ongoing contradicts that assertion. Indeed, on April 29, 2021, Defendant sought Fed. R. Civ. P. 37 sanctions against him for his failure to prosecute and to respond to discovery requests. ECF 84.

Given his ongoing failure to produce them himself, the Court ordered Plaintiff to execute the appropriate releases so that Defendant could obtain his financial and medical records. *Id*. At that discovery conference, the Court gave Plaintiff detailed instructions on how to contact the airline to obtain his airline ticket change fee receipts. The Court ordered Plaintiff to produce other documents supportive of his damages claim including invoices for expenses from his criminal defense. Those items Plaintiff did produce. ECF 85 at ¶ 18.

The Court ordered Plaintiff to produce messages, recordings, and other data from cellular devices belonging to him and his wife, Michelle Stocks. That includes the video that his wife took

of the incident. Defendant says that production (as well as of the financial release records) remains outstanding. *Id.* at ¶¶ 19-20.

Plaintiff has identified his wife as a witness to the alleged excessive force incident as well as custodian of his business, income, and tax records. An ongoing discovery issue has been Defendant's attempt to depose Plaintiff's wife. Defendant requested the Court's intervention in this matter as early as April 6, 2021. ECF 83. At the April 29, 2021 discovery conference, Plaintiff represented to the Court that he would facilitate her deposition. That deposition never occurred. Indeed, Plaintiff later told Defendant that he did *not* intend to help with that matter. ECF 85 at ¶ 21. The Court notes that Defendant personally served Plaintiff's wife with the deposition subpoena in open court at the Motion Hearing. The Court adds that Plaintiff already has been sanctioned for an issue concerning his wife's deposition. *Stocks v. City of Aurora*, No. 13-cv-01141-RBJ-CBS, 2016 WL 9735866 (D. Colo. May 17, 2016).

Plaintiff did make himself available for his own deposition, which took place on March 2, 2021. His deposition testimony raised additional evidentiary matters of concern to Defendant. Plaintiff had disposed of a computer that may have contained relevant data. He explained that Eric Brandt, who witnessed the incident and filmed it, has the longer, unedited original recording which differs from the version broadcasted on the internet.

Defendant describes a general lack of communication with Plaintiff. Discovery requests and attempts to confer go unanswered. Plaintiff blames Defendant for not using an email address that he checks on a more regular basis, but it is Plaintiff's obligation to inform Defendant of his contact information. Because Plaintiff has failed to maintain an open line of communication, Defendant has incurred the expense of serving correspondence through verifiable means of delivery and formal service of process of the deposition subpoena on his wife.

On August 18, 2021, over two months after the then discovery deadline, Plaintiff filed new Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Defendant complains that Plaintiff adds five new witnesses and alleges new damages. ECF 102 at ¶ 16.

At the Motion Hearing, Defendant testified under oath that Plaintiff said "f**k you, Crowfoot" to him in the parking lot outside of the courthouse. ECF 104 at 86. Plaintiff denied doing so. *Id*. at 4.

Discussed during the Motion Hearing was Plaintiff's extensive pro se litigation experience. The Court counted seven lawsuits that Plaintiff has filed in federal court in recent years. Defendant says he has filed seven lawsuits in Colorado state court during this year alone, with a total of thirty-five state cases to which he is party. In other words, Plaintiff is well familiar with litigation and its requirements. Moreover, at the Motion Hearing and previous proceedings, this Court has explained at length and in practical terms the need to produce relevant discovery and for an orderly litigation process.

Despite his personal familiarity with litigation, this Court still has reminded Plaintiff repeatedly of his obligations and of the risk of sanctions for continued non-compliance. ECF 66, 71. *See also Stocks*, 2016 WL 9735866 at *4 (discussing Fed. R. Civ. P. 30(d)(2) which permits sanctions against a person who frustrates a deposition). This Court did so again at the Motion Hearing. Judge Shaffer already has informed him that "the court must apply the discovery rules equally to represented parties and pro se litigants." *Id*. at *4. The Court expects the same from Defendant as it does from Plaintiff.

Defendant argues that this case shows a pattern and practice by Plaintiff of intentional conduct to hinder his ability to defend himself and to increase the burden of the litigation process. Plaintiff continues to ignore his discovery obligations. On that basis, Defendant asks the Court to

5

dismiss this lawsuit with prejudice pursuant to Fed. R. Civ. P. 37(2)(A)(v). In the alternative, Defendant asks the Court to limit Plaintiff's ability to submit evidence to support his claims and defenses pursuant to Fed. R. Civ. P. 37(2)(A)(ii).

## DISCUSSION

The Federal Rules of Civil Procedure contain several different provisions which permit a wide range of sanctions for discovery violations. A district court has broad discretion in how to use sanctions to compel compliance with discovery obligations and to manage the pre-trial development of a lawsuit. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011). However, to impose the severest sanction of dismissal or default, a finding of willfulness, bad faith, or fault is required. *Id*. Similarly, a court has the inherent authority to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *EEOC v. Original Honeybaked Ham Co. of Ga., Inc*., 11-cv-02560-MSK-MEH, 2013 WL 752912, at *2, n.1 (D. Colo. Feb. 27, 2013).

As in *Honeybaked Ham*, this Court finds that "[i]n certain respects, the Plaintiff has been negligent in [his] discovery obligations, dilatory in cooperating with defense counsel, and somewhat cavalier in its responsibility to the United States District Court." 2013 WL 752912 at *1. At the very least, Plaintiff has not acted in the spirit of the Federal Rules of Civil Procedures. For now, the Court gives Plaintiff the benefit of the doubt that his conduct, however "inappropriate and obstreperous," *id*. at *2, does not warrant the imposition of the severest sanction of dismissal or default.

Future non-compliance will justify dismissal, as the Court explained to Plaintiff at the Motion Hearing. This is his *last chance* to avoid severe sanctions, and Plaintiff confirmed his understanding of what that means. The Court has reset the dispositive motions deadline to November 15, 2021 to allow time to bring discovery to completion. To that end, the Court has

ordered Plaintiff to produce all evidence proving his claimed economic damages and his tax returns from 2017 and 2018 by September 8, 2021. The Court ordered the deposition of Plaintiff's wife. Should Plaintiff not comply in full and in a good faith manner with those orders or otherwise hinder the discovery process, then the predicate has been established to support greater sanctions.

There is the additional matter of the substantial expense that Plaintiff's actions has caused Defendant. Plaintiff filed this lawsuit on September 12, 2018, and nearly three years later, discovery remains incomplete. Defendant seeks an award of fees and costs pursuant to Fed. R. Civ. P. 37(b)(2)(C) for Plaintiff's discovery violations. In addition, this Court has the authority to sanction a litigant who unreasonably delays or otherwise interferes with pre-trial preparations. *Mulvaney v. Rivair Flying Serv., Inc*., 744 F.2d 1438, 1440-42 (10th Cir. 1984) (applying Fed. R. Civ. P. 16(f) broadly). As applied here, Plaintiff's actions have unnecessarily multiplied the proceedings and caused Defendant expense beyond what was reasonably necessary.

At the Court's instruction, Defendant filed a Motion for Attorneys Fees and Costs. ECF 102. Defendant seeks an award of $47,707.60 "incurred in addressing Plaintiff's repeated discovery violations." ECF 102 at ¶ 27. Rather than reimburse all discovery-related expenses, the Court limits the remedy to that amount incurred in prosecuting this Motion. *See Honeybaked Ham*, 2013 WL 752912 at *4 (finding an award of reasonable fees for prosecuting the sanctions motion to satisfy *Mulvaney*'s instruction to impose only so much of a sanction as is necessary to ensure cessation of the offending conduct). This more limited fee and cost award suffices to achieve the goals of redressing some inconvenience and expense incurred by Defendant up to this point, encouraging Plaintiff's future compliance with the Court's rules and orders, and ensuring an efficient litigation process.

The Court finds Defendant entitled to recover his attorney fees and costs expended on bringing the instant Motion for Discovery Sanctions and appearing at the Motion Hearing. Defendant shall apply the "lodestar" reasonableness and good billing judgment standard to the new amount he is requesting. *Stocks*, 2016 WL 9735866 at \*5-6; *Farmer v. Banco Popular of N. Am.*, No. 11-cv-01268-WYD, 2014 WL 4627705, at \*4-5 (D.Colo. Sept. 16, 2014), *aff'd as modified*, 791 F.3d 1246 (10th Cir. 2015). Defendant shall refile his motion to reflect the above adjustment.

Accordingly, IT IS ORDERED that Defendant's Motion for Discovery Sanctions [filed July 1, 2021; ECF 85] is **granted in part,** for determination of entitlement to a fee and cost award. The Motion is **denied in part**, with respect to Defendant's request for a sanction in the form of dismissal or default, but with leave to refile should Plaintiff continue not to meet his discovery obligations.

Defendant's Motion for Attorneys' Fees and Costs [filed September 1, 2012; ECF 102] is **denied** without prejudice. On or before **September 24, 2021**, Defendant shall file a new motion that limits the fee and cost request to what was reasonably expended for purposes of bringing the Motion for Discovery Sanctions (ECF 85) and appearing at the Motion Hearing.

Entered and dated at Denver, Colorado, this 13th day of September, 2021.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge